IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA BOOKER, et al.,

            Plaintiffs,

v.                                              CIVIL ACTION NO. 2:10-cv-00196

MYLAN, INC., et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the defendants' Motion to Transfer Pursuant to 28 U.S.C. § 1404 [Docket 24]. The Motion is **GRANTED**. The court **ORDERS** that this case be transferred to the Northern District of Georgia.

**I. Background**

This case presents an issue this court recently addressed by this court in nearly identical litigation. *See Urich v. Mylan,* No. 2:10-cv-330 (S.D. W. Va. August 23, 2010); *Sanner v. Mylan*, No. 2:10-cv-166 (S.D. W. Va. August 19, 2010); *Arnett v. Mylan*, No. 2:10-cv-114 (S.D. W. Va. August 13, 2010); *Gardner v. Mylan*, No. 2:09-cv-1289 (S.D. W. Va. June 24, 2010); *Leonard v. Mylan*, No. 2:09-cv-1160 (S.D. W. Va. June 21, 2010). In those cases, these same defendants sought a 28 U.S.C. § 1404(a) transfer, which I granted. The transfer issues in this case are indistinguishable from those in *Urich, Sanner*, *Arnett*, *Gardner*, and *Leonard*. Transfer is therefore warranted.

A. *Facts*

According to the Complaint, the plaintiff, Linda Booker, is the surviving mother and representative of the estate of Raymond Booker.  She claims Mr. Booker died of fentanyl overdose while using a Mylan Fentanyl Transdermal System patch (the "patch") prescribed by his doctor.  The patch administers the pain drug fentanyl through the skin.

Ms. Booker resides in, Acworth, Georgia which is located in the Northern District of Georgia.  Mr. Booker was prescribed the patch by his physician in Atlanta, Georgia, filled his prescription at Kaiser Permanente in Atlanta, Georgia, and subsequently died at Ms. Booker's residence in Acworth, Georgia.

B. *Procedural History*

Ms. Booker, representing her son's estate and all of his wrongful-death beneficiaries, has sued the patch manufacturers for wrongfully causing Mr. Booker's death.  She has asserted claims for strict products liability, negligence, negligent misrepresentation, and breach of warranty.   She also alleges the defendants were wanton, willful, and reckless.

The defendants filed the motion to transfer on August 18, 2010.

**II.  Standard**

The defendants seek transfer pursuant to 28 U.S.C. § 1404(a).  That statute authorizes a district court to transfer a case to another judicial district "[f]or the convenience of parties and witnesses, in the interest of justice."  28 U.S.C.  § 1404(a).

In deciding whether to transfer a case under § 1404(a), a court must first determine whether the action "might have been brought" in the transferee district.  If so, then the court

should consider several private- and public-interest factors: the ease of access to evidence; the convenience of the parties and witnesses; the cost of obtaining the attendance of witnesses; the availability of compulsory process; the possibility of a view; the interest in having local controversies decided at home; and the overriding interests of justice.  *Vass v. Volvo Trucks, N. Am., Inc.*, 304 F. Supp. 2d 851, 857 (S.D. W. Va. 2004).  The party seeking transfer carries the burden of showing that the current venue is inconvenient.  *N.Y. Marine & Gen. Ins. Co. V. Lafarge N. Am., Inc.*, 599 F.3d 102, 113-14 (2d Cir. 2010).  The plaintiff's choice of forum is accorded great weight. *Piper Aircraft Co. V. Reyno*, 454 U.S. 235, 255 (1981).

**III. Discussion**

Considering the § 1404(a) factors, this case should be tried in the Northern District of Georgia, not the Southern District of West Virginia.  First, this case could have originally been brought there, as subject-matter and personal jurisdiction, as well as venue, are all proper in that district.  Second, the private- and public-interest factors favor transfer.  Regarding the private-interest factors, all relevant facts in this case occurred outside West Virginia.  The majority of witnesses — witnesses such as law enforcement officers, medical examiners and toxicologists, as well as Mr. Booker's medical providers — are in northern Georgia.  Evidence regarding Mr. Booker's medical history and the circumstances surrounding his death will be found in Georgia as well.  Conversely, no evidence will be found in the Southern District of West Virginia.  Because the majority of witnesses are located in Georgia, the Northern District of Georgia would be a more convenient forum.

As for the public-interest factors, Georgia has a strong interest in having this case litigated locally. Georgia's interests include having one of its citizen's rights vindicated, as well as protecting its other citizens from potentially harmful pharmaceutical drugs. Conversely, West Virginia's interests in this case are few, if it has any interests at all.

Justice is best served by having this case proceed in the Northern District of Georgia. The plaintiff's choice of forum is substantially outweighed by the fact that absolutely no facts of significance in this case occurred in this district. Transfer is necessary to "prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964).

**IV. Conclusion**

For the forgoing reasons, the Motion to Transfer [Docket 24] is **GRANTED**. This case shall be **TRANSFERRED** to the United States District Court for the Northern District of Georgia. The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     September 13, 2010

Joseph R. Goodwin, Chief Judge